IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA L. FLORES, | ) | CASE NO. 1:12 CV 105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action under 42 U.S.C. § 405(g) by Victoria L. Flores for judicial review of the final decision of the Commissioner of Social Security denying Flores's application for disability insurance benefits.[2] The Commissioner has filed an answer,[3] together with the transcript,[4] arguing that the decision was supported by substantial evidence and so should be affirmed. Pursuant to my initial order,[5] and subsequent to Flores's motion

---

[1] The parties have consented to my exercise of jurisdiction and accordingly United States District Judge Christopher A. Boyko has ordered that this matter be transferred to me for further proceedings. ECF # 15.

[2] ECF # 1.

[3] ECF # 7.

[4] ECF # 8.

[5] ECF # 5.

for summary judgment with a brief in support,[6] the Commissioner filed a brief on the merits together with supporting charts.[7] Flores has filed an additional fact sheet in support of her position.[8] The parties participated in a telephonic oral argument,[9] after which, with my consent, the Commissioner filed a supplemental brief.[10]

For the reasons given below, Flores's summary judgment motion will be denied and the matter remanded to the Commissioner for further proceedings.

## Facts

### A.    Background facts and decision of the Administrative Law Judge (ALJ)

As determined by the ALJ, Flores at the time of the hearing was a 51-year old married woman with a high school education who lives with her husband and her mother.[11] She had prior work experience as a production manager and a peanut roaster.[12]

The ALJ, whose decision became the final decision of the Commissioner, found that Flores had severe impairments consisting of diabetes mellitus; degenerative disc disease of

---

[6] ECF # 9 (motion), ECF # 10 (brief in support).

[7] ECF # 13.

[8] ECF # 12.

[9] ECF # 21.

[10] ECF # 22.

[11] Transcript (Tr.) at 17.

[12] *Id.* at 20.

the lumbar spine; L4-L5 mild spinal and foraminal stenosis; mild multilevel disc desiccation and facet joint disease; arthritis of the right knee; hypertension; and obesity.[13] The ALJ then made the following finding regarding Flores's residual functional capacity:

> After careful consideration of the entire record, I find that, through the date last insured, Ms. Flores had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), with some exceptions. More specifically, Ms. Flores can: lift and/or carry 10 pounds occasionally and 5 pounds frequently; sit about 6 hours in an 8-hour workday with normal breaks; and, stand and/or walk about 2 hours in an 8-hour workday with normal breaks. In addition, Ms. Flores is to never climb ladders, ropes or scaffolds.[14]

Relying on that residual functional capacity and the testimony of the vocational expert ("VE") at the administrative hearing,[15] the ALJ found Flores incapable of performing her past relevant work.[16] Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Flores could perform.[17] The ALJ, therefore, found Flores not under a disability.[18]

---

[13] *Id.* at 16.

[14] *Id.* at 17.

[15] *Id.* at 20.

[16] *Id.*

[17] *Id.* at 20-21.

[18] *Id.* at 21-22.

**B.**    **Flores's claim and the Commissioner's response**

Flores asks for reversal of the Commissioner's decision on the ground that it does not

have the support of substantial evidence in the administrative record.[19] Specifically, Flores

presents four arguments:

> 1.    The ALJ did not follow the treating physician rule, as set forth by the
> Sixth Circuit in *Blakley v. Commissioner of Social Security*[20] and *Cole
> v. Commissioner of Social Security*[21] in her handling of the opinions of
> Candace Zubricky, M.D. and Cheryl Katz, M.D.;[22]
>
> 2.    The ALJ failed to properly evaluate Flores's credibility concerning the
> intensity, persistence, and limiting effects of her symptoms;[23]
>
> 3.    The ALJ failed to consider Flores's obesity;[24] and,
>
> 4.    The ALJ improperly relied on testimony from the VE that was based on
> an incorrect hypothetical question.

The Commissioner, in response, contends initially that the ALJ "committed no more

than harmless error in not addressing the opinions of Dr. Zubricky and Dr. Katz."[25] In

particular, and as further developed at the oral argument and in the supplemental brief, the

---

[19] ECF # 10.

[20] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009).

[21] *Cole v. Comm'r of Soc. Sec.*, 652 F.3d 653 (6th Cir. 2011).

[22] ECF # 10 at 11-15.

[23] *Id.* at 15-18.

[24] *Id.* at 18-19.

[25] ECF # 13 at 5.

-4-

Commissioner readily concedes that the ALJ here did not follow the treating source rule because she did not acknowledge the opinions of Dr. Zubricky or Dr. Katz, assign weight to those opinions, and then give good reasons for the weight assigned.[26] Instead, the Commissioner maintains that this error was harmless because: (1) the error here meets "at least two of the three circumstances [for overlooking error] outlined in *Wilson*;"[27] and (2) a remand in this case would be an "'idle and useless formality,'" such that this Court would have incorrectly acted on the basis of "'mandatory presumptions and rigid rules'" that "'convert judicial review of agency action into a ping-pong game.'"[28]

## Analysis

### A.    Standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant

---

[26] *See, id.* at 5-6.

[27] ECF # 22 at 1.

[28] *Id*. at 3-4 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009); *N.L.R.B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969)).

evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[29]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[30]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[31]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of standard**

*1.     The ALJ's failure to comply with the treating source rule is not harmless error.*

As is clear from the Commissioner's arguments at the hearing and in the supplemental brief, his harmless error analysis rests on the finding that the ALJ's decision in this case met

---

[29] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[30] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[31] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

at least one of the three circumstances mentioned by *Wilson v. Commissioner of Social Security*[32] as supportive of harmless error.[33]

It is important initially to distinguish between the so-called treating physician rule and the good reasons requirement. Although they are "closely associated," *Blakley* teaches that they are two distinct processes.[34]

The treating physician rule essentially establishes a rebuttable presumption, grounded in the requirement of 20 C.F.R. § 404.1527(d)(2), that the opinion of a treating physician will be afforded controlling weight or deference over that of a non-treating source if that opinion is supported by medically acceptable clinical or laboratory evidence and is not inconsistent with the other substantial evidence of record.[35] The reason for the rule, as explained in *Blakley*, is that a treating source's unique ability to provide a detailed, longitudinal picture of the claimant's condition may provide a perspective to the objective evidence that cannot be found in the objective findings alone or in reports from individual examinations.[36] If, given this presumption, the ALJ chooses not to give controlling weight to the opinion of a treating source, the treating physician rule further requires that the ALJ

---

[32] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[33] ECF # 22 at 1-2.

[34] *Blakley*, 581 F.3d at 406.

[35] *Id.* (citations omitted).

[36] *Id.* (citations omitted).

still determine how much weight is appropriate for that opinion after considering a number of factors.[37]

It is in connection with the second feature of the treating physician rule that the regulations and case law require that the ALJ give good reasons for the weight ultimately given to the treating source's opinion.[38] This rule is based not on a presumption regarding the value of insights available to long-term observers of a claimant's condition, but on a two-fold purpose: (1) to let claimants understand the disposition of their case, particularly when a claimant knows her own physician has found her disabled and so may be "especially bewildered" when told she is not; and (2) to permit "meaningful review" of an ALJ's decision by the district court.[39]

Because both of these reasons go to ensuring that a denied claimant receives "fair process," courts have held that failure to follow the good reasons rule by (1) clearly identifying the reasons for discounting the opinion of a treating source and then (2) explaining on the record precisely how those reasons affected the weight given to that opinion denote a lack of substantial evidence, even when the conclusion of the ALJ may be otherwise supported by the record as a whole.[40]

---

[37] *Id*. (citations omitted).

[38] *Id*. at 406-07 (citations omitted).

[39] *Id*. at 407 (citing *Wilson*, 378 F.3d at 544).

[40] *Id*. (citing *Rogers*, 486 F.3d at 243).

-8-

So understood, the harmless error analysis set forth in *Wilson* goes to the "good reasons" requirement of the treating physician rubric.[41] Thus, if the ALJ does not give good reasons "on the record" for according less than controlling weight to the opinion of a treating physician, *Blakley* explicitly directs that the reviewing court is to "reverse and remand unless the error is a harmless *de minimis* procedural violation."[42]

In that regard *Blakley* notes, by reference to *Wilson*, that such a harmless *de minimis* error may include the situation where the treating source's opinion is "'so patently deficient that the Commissioner could not possibly credit it,'" or where the Commissioner's decision has otherwise "'met the goal of ... the procedural safeguard of reasons.'"[43] In any case, *Blakley* emphasized that "the ALJ's failure to follow the Agency's procedural rule [for giving good reasons] does not qualify as harmless error where we cannot engage in 'meaningful review' of the ALJ's decision."[44]

Therefore, as *Blakley* makes clear and as was emphasized again in *Cole*, this requirement that a reviewing court "have a clear understanding of why" the ALJ made his decision is both the essence of the third listed *Wilson* category of harmless error[45] and the

---

[41] *Id*. at 409 (citation omitted).

[42] *Id.*

[43] *Id*. (quoting *Wilson*, 378 F.3d at 547).

[44] *Id*. (quoting *Wilson*, 378 F.3d at 544).

[45] *Wilson*, 378 F.3d at 547. "(3) where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation."

-9-

implied, necessary foundation of the other two listed categories.[46] This absolute requirement

that a reviewing court be able to clearly see and fully understand the reason why an ALJ did

not follow the treating physician rule is, therefore, the litmus test for whether any error is

*de minimis* or one that will result in a remand. As such, this test is not an "idle and useless

formality" but the spine of the fair process requirement embodied in the concept of

meaningful judicial review of administrative decisions; a requirement that must be observed

to protect the claimant's substantial rights.[47]

      Here, the Commissioner contends that the ALJ's error is harmless because (1) the

opinions of Drs. Zubricky and Katz are "so patently deficient" that the reasons for the ALJ's

decision not to credit them are clear, unmistakable and obvious to the reviewing court, and/or

(2) the decision to overlook these opinions complies with the terms of the requirement to

provide good reasons.[48]

      Turning first to the second reason given – the third *Wilson* harmless error category of

meeting the goal of the regulation even if not complying with its terms – I note initially, as

was stated above, that in order for the Commissioner's decision to fall within this category

of harmless, *de minimis* error, that decision must, despite non-compliance with the stated

---

[46] *Id.* "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) ... the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion...." In both cases, the reason for the ALJ's decision is clearly understood and so reviewable, either because the treating physician's opinion is "patently deficient" or because the ALJ plainly adopted that opinion.

[47] *See*, *id.* at 546.

[48] ECF # 13 at 6.

requirements of the regulation, otherwise evidence compliance with "the procedural safeguard of reasons" established in the regulation.[49] Here, the "reasons" cited by the Commissioner are that both opinions are, for various reasons, "patently deficient."[50] As such, despite the invocation of the third *Wilson* category, the Commissioner's actual harmless error argument in this case is best addressed within the context of the second *Wilson* category on which it is explicitly based.

In that regard, the Commissioner deals separately with Dr. Zubricky and Dr. Katz, raising individual arguments as to why each opinion is so "patently deficient" that the ALJ's failure to give any reasons for not affording it controlling weight is *de minimis* error. I will consider the arguments in turn as to each opinion.

a.      *Dr. Zubricky*

At issue are three opinions by Dr. Zubricky – an opinion given on September 22, 2008;[51] one in December, 2008,[52] and one in January, 2009.[53]

It is undisputed that Dr. Zubricky is a treating physician who provided the September, 2008, report to the state disability office at the claimant's direction.[54] In addition, that 2008

---

[49] *Blakley*, 581 F.3d at 409.

[50] ECF # 13 at 6-8.

[51] Tr. at 262-63.

[52] *Id*. at 266.

[53] *Id*. at 265.

[54] *Id*. at 262.

report is the most critical of the three. By its own terms, it is based on a contemporaneous examination, as well as a historical record of previous referrals to other doctors and Flores's prior experience with medications.[55] The report describes in some detail the results of a series of range of motion tests, which showed limitations due to pain, together with strength tests, that Dr. Zubricky reported  were difficult to assess due to "the amount of pain [Flores] was having" during the administration of those tests.[56]

It was because Flores had a reduced range of motion and limited strength (due in both instances, Dr. Zubricky states, to pain directly observed by her during a clinical examination) that Dr. Zubricky then opined as to Flores's residual functional capacity for standing, sitting, walking, or lifting.[57] Significantly, Dr. Zubricky also stated that there was no "psychological or emotional" impairment present in Flores.[58]

The Commissioner here argues that overlooking this opinion is harmless because: (1) the ALJ essentially adopted Dr. Zubricky's functional limitations in the RFC finding, or (2) Dr. Zubricky's opinion is otherwise so patently deficient that ignoring it is justified by the self-evidently clear, reviewable reason of its lack of substance or irrelevance.[59] In particular, the Commissioner asserts that because Dr. Zubricky opined as to the ultimate issue

---

[55] *Id.*

[56] *Id*. 262-63.

[57] *Id.* at 263.

[58] *Id*.

[59] ECF # 13 at 6-7.

of whether Flores was disabled – a finding reserved to the Commissioner – the entire opinion was conclusory and not binding.[60]

It is worth noting in this regard that among the authority cited by the Commissioner is 20 C.F.R. § 404.1527(d)(3), which, as quoted in the Commissioner's own brief, provides that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give it."[61]

Plainly, as the Commissioner notes, the ultimate conclusion of disability rendered by a treating source is not entitled to controlling weight, but the Commissioner's own regulations make clear that weight increases the more an opinion is based on "medical signs and laboratory findings." Moreover, as noted above, the opinion of a treating source is presumptively entitled to controlling weight when supported by medical evidence. Here, as has been detailed above, Dr. Zubricky's opinion was founded on the results of a contemporaneous physical examination that was then reported and interpreted in light of prior medical findings. It also involved the conclusion by a treating source who administered the examination that the limitations due to observed pain were not the result of a psychological or emotional impairment.

As such, this is precisely the type of examination result that should, by right, have been clearly and directly addressed, with any deviations from the presumptive finding of

---

[60] *Id.* at 7.

[61] *Id.*

-13-

controlling weight carefully explained on the record for purposes of meaningful review. The fact that the exam findings were used in part for the RFC finding here just reinforces the relevance of Dr. Zubricky's opinion[62] and weakens the notion that it was so "patently deficient" that it could be safely ignored in its entirety by the ALJ in her opinion.

Moreover, as the above discussion should make evident, ignoring this opinion while silently adopting some functional limitations[63] does not provide any basis for this Court to conduct a meaningful review as to exactly what weight the ALJ gave to Dr. Zubricky's opinion and why.  Thus, that silent, mixed treatment by the ALJ cannot "meet the goal" of the good reasons requirement. The logical path taken here, of implicitly crediting functional findings of a treating source, where such findings were supported by clinical notes from a contemporaneous examination, but otherwise not addressing that opinion or giving any reasons for such a bifurcated approach, remains shrouded in obscurity, and so does not meet the goal of providing clarity of reasons for meaningful judicial review of that action.

As a result, by the plain teaching of the Sixth Circuit, this is not harmless error and requires a remand.

---

[62] The ALJ does acknowledge that Flores "was treated by Dr. Zubricky during the relevant time period" and relies on some progress notes from that treatment to illustrate the point that Flores's back pain responded to exercise. Tr. at 19.

[63] The Commissioner does not contend that the ALJ directly adopted Dr. Zubricky's functional limitation findings but only that the RFC findings here were "consistent" with "Dr. Zubricky's sedentary RFC finding." ECF # 13 at 6.

*b.*    *Dr. Katz*

As to Dr. Katz, the Commissioner acknowledges that her opinions, given in responses to a lengthy questionnaire, provide "more explanation and more specific limitations" than those of Dr. Zubricky.[64] The Commissioner contends, however, that Dr. Katz's opinions were "patently deficient" for two reasons: (1) they were given "a year or more after Dr. Zubricky's statements,"[65] and (2) Dr. Katz did not treat Flores during the relevant period, such that Dr. Katz's opinions are necessarily based on Flores's "self-interested reporting" as to what her condition might have been in 2006.[66]

It is worth noting again that under the treating physician rule the opinion of a treating source is entitled to controlling weight if that opinion is supported by medical evidence and not inconsistent with the other medical evidence. But, as the regulations plainly state, a claimant's subjective complaints of pain will not be rejected "solely because the available objective medical evidence does not substantiate your statements."[67] Rather, the agency must evaluate those claims under its own procedural rules.[68]

As has recently been noted by the Sixth Circuit in a fibromyalgia case, a decision by the ALJ to neither acknowledge nor discuss opinions by treating sources because those

---

[64] ECF # 13 at 7.

[65] *Id*.

[66] *Id*.

[67] 20 C.F.R. § 404.1529(c)(2).

[68] *See*, *Wilson*, 378 F.3d at 544.

-15-

opinions were unsupported by objective medical findings but relied on subjective complaints of pain was held not to be harmless error. In *Minor v. Commissioner of Social Security*,[69] the Sixth Circuit reviewed the case authority cited here in considering whether an ALJ's action in not even mentioning or discussing the opinion of a treating source was harmless error. In particular, and as relates to the Commissioner's argument here about safely ignoring conclusory opinions, the *Minor* court observed that where none of the claimant's treating physicians opined that he could work it was not harmless error to disregard those opinions without comment so as to give greater credence to the opinions of non-treating sources.[70] Rather, *Minor* specifically found that the total lack of comment on opinions of treating sources "undermines" an ALJ's decision and, at least potentially, can "fatally corrupt the ALJ's analysis at step five of the sequential evaluation process."[71]

Thus, the fact that Dr. Katz's extensive opinion as to Flores's condition was based on the claimant's subjective complaints of pain does not automatically remove that opinion from the requirements of the treating physician rule or the good reasons rubric. As *Minor* illustrates, such an opinion is not transformed into being "patently deficient" simply by virtue of it resting on the claimant's own reports of pain. Instead, those reports must be evaluated

---

[69] *Minor v. Comm'r of Soc. Sec.*, No. 12-1268, 2013 WL 264348 (6th Cir. Jan. 24, 2013).

[70] *Id.*, at *20. Indeed in *Minor* the appeals court went on to award benefits, among other reasons, "in light of the opinions of the treating physicians" that were not addressed by the ALJ. *Id.*, at *21.

[71] *Id.*, at *20.

-16-

in accordance with the appropriate standard and the opinion assessed and given weight consistent with those findings.

**2.      *All other arguments***

Given that the matter is being remanded on the grounds outlined above, it is not necessary to address the other arguments.  However, as was discussed above, on remand the ALJ should pay particular attention to evaluating Flores's complaints of pain and of the intensity and duration of her symptoms.

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Flores had no disability. Accordingly, the decision of the Commissioner denying Flores disability insurance benefits is reversed and the matter remanded for proper evaluation of the opinions of treating sources and, as appropriate, reconsideration of the finding as to Flores's credibility.

IT IS SO ORDERED.


Dated: February 8, 2013                              s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge